PER CURIAM.
The action is for the foreclosure of a mortgage of real estate. The mortgagor died intestate, leaving her husband and children, to whom the property descended. It appears that the foreclosure was instituted at the request of the husband of the deceased owner; the plaintiff’s attorney, in a letter to the plaintiff, agreeing that no expense should be incurred by the latter. There were outstanding judgments against the husband. The judgment creditors were not made parties to the action. The action proceeded to judgment and sale. The title was rejected by the purchaser, for the failure to make the judgment creditors tof the husband parties. We think it too plain to justify discussion that the judgment creditors of the husband, the life tenant, were necessary parties to the action.- ©rdinary care required that the attorney should have made such creditors parties. No good title can be given under the decree rendered in this action. The plaintiff will be driven to either a strict foreclosure, or, as probably the wiser course, to apply to vacate the decree and bring the judgment creditors into the suit The services rendered by the attorney 'have therefore been, of no value to the plaintiff. For this reason, the attorney is not entitled to compensation for them.
So much of the order as is appealed from should be reversed, and motion granted unconditionally, with $10 costs and disbursements.